IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHESTER JOHNSON | § | |
| v. | § | CIVIL ACTION NO. 6:06cv318 |
| | | (Crim. No. 6:04cr69) |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Movant Chester Johnson, proceeding *pro se*, filed this motion to vacate or correct his sentence under 28 U.S.C. §2255 complaining of the validity of his conviction.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Johnson was convicted of possession with intent to distribute cocaine on August 1, 2005, receiving a sentence of 151 months in prison.  He did not take a direct appeal prior to filing his motion to vacate.

In this motion, Johnson says that the case involves a traffic stop and subsequent search of his car by a Texas state trooper.  Cocaine, cocaine base, and marijuana were found in the course of this search.  Johnson says that he agreed to enter a plea of guilty, including a waiver of his right to challenge the stop, search, and seizure, in exchange for the Government's promise to recommend to the sentencing court that Johnson be sentenced to the low end of the applicable guideline range. Johnson says that he kept his part of this agreement, but that the Government did not; instead, he says, at sentencing, the Government said that "anywhere within the guideline range"would be fine. The Court sentenced Johnson at the high end of the sentencing range.

1

Johnson contends that he received ineffective assistance of counsel when his attorney, Greg Waldron, failed to file a motion to suppress illegally seized evidence from the motor vehicle, and that his Fourth Amendment rights were violated when law enforcement officials conducted a warrantless and non-consensual search of his vehicle to obtain the illegally seized evidence.  He also argues that the Government breached its promise by failing to recommend that he be sentenced at the low end of the guideline range, and that counsel was ineffective by failing to object at sentencing based on the promise, to produce the letter indicating the promise, or to appeal the sentence.

The Magistrate Judge ordered the Government to answer Johnson's motion.  In this answer, the Government argues that Johnson's claims are barred by the waiver-of-appeal provision in his plea agreement.  Johnson filed a response to the answer again arguing that the Government breached the plea agreement and that his attorney was ineffective based on this breach.

The Magistrate Judge reviewed the pleadings in the case as well as the guilty plea proceeding and the sentencing proceeding.  After this review, the Magistrate Judge issued a Report on November 17, 2006, recommending that the motion to vacate sentence be denied.

The Magistrate Judge first observed that the Fifth Circuit has upheld the validity of waiver of appeal provisions in plea agreements, such as the one which Johnson entered into.  Although Johnson argued that the Government breached the plea agreement, the Magistrate Judge rejected this contention.  Johnson based his claim on an e-mail exchange between the Assistant United States Attorney, Jim Nobles, and Johnson's defense counsel, Greg Waldron, in which Nobles rejected an offer from Waldron and said that "the best we can do is agree to recommend the low end of the guidelines for a plea to Count One, which I think would put him at 151 months."

However, as the Magistrate Judge stated, the actual plea agreement which the parties signed contained no mention of such a promise, but instead contained a joint recommendation that the Court impose a sentence within the Guideline range of 121 to 151 months.  In addition, the plea agreement specified that all other plea agreements had been superseded and that no other promise had been made or implied by either the Defendant or the Government.  Thus, even if the statement in the e-

2

mail that "the best we can do is agree to recommend the low end of the guidelines" could be construed as a promise, the Magistrate Judge concluded that such a promise was superseded by the plea agreement which the parties signed, as stated by the terms of that agreement itself.

In addition, the Magistrate Judge said, Johnson testified during the plea proceeding that the plea agreement was "his agreement" and that he had nothing to add to or take away from it.  The Magistrate Judge concluded that Johnson failed to show that he received ineffective assistance of counsel, that the Government did not breach the plea agreement, that Johnson's challenge to the legality of the search was waived by the entry of his plea of guilty, and that his claims were barred by the waiver of appeal provision.  The Magistrate Judge therefore recommended that Johnson's Section 2255 motion be denied.

Johnson filed objections to the Magistrate Judge's Report on December 18, 2006.  In his objections, Johnson says that he agreed to enter a plea of guilty in exchange for the Government's promise to recommend the low end of the sentencing guideline range, but concedes that this promise was not memorialized in the plea agreement.  He argues that this promise induced his plea agreement, but his attorney failed to include the promise in the plea agreement, Johnson also says that his attorney was ineffective by failing to produce the e-mail at sentencing after the Government provided a recommendation contrary to the e-mail recommendation.

Johnson's objections are without merit.  Even assuming that the statement in the e-mail message could be construed as a promise, rather than a hypothetical possibility, it is clear that such a promise was superseded by the plea agreement, which clearly specified that it contained all of the promises made by the parties and that prior agreements were superseded.  Johnson has failed to show that the e-mail message induced his plea of guilty, a fact underscored by the colloquy at the plea proceeding.  As the Magistrate Judge observed, Johnson stated that the plea agreement was "his agreement" and that he had nothing to add to it; he made no mention of any promise, not reflected in the agreement, to recommend a sentence at the low end of the range.

3

Similarly, Johnson has failed to show that he received ineffective assistance of counsel. Although he claims that his attorney should have produced a copy of the e-mail message at sentencing, he fails to show how this could have made a difference, inasmuch as any promise which may have been contained in this message was superseded by the plea agreement which Johnson signed.  Nor has Johnson shown that but for counsel's alleged dereliction, the result of the proceeding would probably have been different, or that he would not have pleaded guilty, but would have insisted on going to trial.  Finally, the Magistrate Judge correctly concluded that Johnson's claims are barred by the waiver of appeal provision contained in his plea agreement.  Johnson's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer of the Respondent, Johnson's objections thereto, the plea and sentencing proceedings, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit.  It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled motion to vacate or correct sentence be and hereby is DISMISSED with prejudice.  It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 8th day of January, 2007.**



**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**